FILED

2007 APR -3 AM 10:08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ℒℙ_____DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JESUS ANTONIO IBARRA-MONROY, | ) |
| Petitioner, | ) Cr. No.  92-1091GT |
|  | ) Cv. No.  06-1630GT |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

On August 11, 2006, Petitioner, Jesus Antonio Ibarra-Monroy ("Mr. Ibarra"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Ibarra argues that his sentence violates the law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). Mr. Ibarra also argues that his sentence violates the new law as set forth in United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). The Court has fully considered this matter, including a review of Mr. Ibarra's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Ibarra's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

1    First, Mr. Ibarra pled guilty, pursuant to a written plea agreement, to one count of Conspiracy

2 to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the written plea

3 agreement, Mr. Ibarra explicitly waived his right to appeal and/or collaterally attack his conviction

4 or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are

5 enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117

6 S.Ct. 1282 (1997). Since Mr. Ibarra expressly waived his statutory right to appeal or collaterally

7 attack his sentence in his plea agreement, Mr. Ibarra is now precluded from challenging that

8 sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.

9 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

10    Moreover, even if Mr. Ibarra had not expressly waived his right to appeal or collaterally

11 attack his sentence, his petition would still fail. In essence, Mr. Ibarra argues that his sentence was

12 based on judicial fact-finding and not supported by a jury verdict. However, this is incorrect. Mr.

13 Ibarra specifically pled guilty to one conspiracy to distribute methamphetamine. In short, Mr.

14 Ibarra pled guilty to the facts supporting his conviction. Hence, Mr. Ibarra either pled guilty or

15 admitted all requisite facts supporting his conviction and sentence in his plea agreement.

16    Mr. Ibarra also argues that he is entitled to relief under the case law of United States v.

17 Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). In essence,

18 Mr. Ibarra argues that he is entitled to retroactive relief under the new case of United States v.

19 Booker,125 S. Ct. 738 (2005). However, this argument is foreclosed by the recent Ninth Circuit

20 opinion of United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). In Cruz, the Ninth Circuit

21 specifically held that Booker "is not retroactive, and does not apply to cases on collateral review

22 where the conviction was final as of the date of *Booker's* publication." United States v. Cruz, 423

23 F.3d at 1121. Since Mr. Ibarra is collaterally attacking his sentence under Booker and that sentence

24 was final before the publication of Booker, his argument is foreclosed by the Cruz case.

25 Accordingly,

26 //

27 //

28 //

92CR1091

1       **IT IS ORDERED** that Mr. Ibarra's Motion to Vacate, Set Aside or Correct Sentence is

2 **DENIED.**

3       **IT IS SO ORDERED.**

4

5

6     _April 2 2007_

7     date                       GORDON THOMPSON, JR.
                                United States District Judge

8     cc:  AUSA Bruce Castetter       Petitioner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

92CR1091